## SEDGWICK v. BEASLEY.
### No. 9764.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 18, 1948.
Decided Feb. 28, 1949.

See also 173 F.2d 920.

Mr. Paul J. Sedgwick, pro se.

Mr. James M. Earnest, of Washington, D. C., for appellee.

Before STEPHENS, Chief Judge, and PRETTYMAN and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

Keystone Mutual Casualty Company (hereafter referred to as Keystone) was incorporated under the laws of Pennsylvania and doing business in the District of Columbia. On June 26, 1947, in the Court of Common Pleas of Dauphin County, Pennsylvania, Keystone was adjudged insolvent. By final decree it was dissolved; its charter vacated; its corporate existence ended, and its business and affairs ordered liquidated by and under the direction of the Insurance Commissioner of Pennsylvania.

On June 30, 1947, Sedgwick, appellant, filed suit in the Municipal Court of the District of Columbia against Keystone on a money claim. At the same time he attached automobiles and funds of Keystone in the District of Columbia under Title 16, Section 301, District of Columbia Code (1940).

On July 11, 1947, the Insurance Commissioner of Pennsylvania, as liquidator of Keystone, sued in the United States District Court of this district for an ancillary receiver. The court appointed Beasley, appellee, receiver of Keystone's assets in this district. Certain steps followed in the Municipal and District Courts, culminating on October 28, 1947, in an order of the latter that Beasley, receiver, take over said

automobiles and funds "notwithstanding the aforesaid attachments" by Sedgewick in the Municipal Court, "without prejudice to any lien, priority or preference" he might assert in the receivership proceedings, and denying a motion by him to proceed with the Municipal Court suit. The present appeal is from that order.

The basic and controlling question is whether Keystone was suable in the courts of this district after its dissolution by the Pennsylvania court. As bearing upon this question we call attention to certain Pennsylvania statutes. Section 2852—1111, Title 15 of the Corporation Laws, dealing with dissolution of business corporations, provides right of suit against such corporations for two years after dissolution on any liability incurred prior thereto. But, the Act expressly excepts any corporation subject to the supervision of the Insurance Department of the State. Section 2852—4, Title 15. Keystone, an insurance corporation, fell within this exception. The Act under which it was dissolved, P.L. 789, Art. V, Sections 502 and 506, (Secs. 202, 206, Title 40, Insurance,) affords no right of suit after dissolution. Clearly none exists under Pennsylvania law. Commonwealth ex rel. O'Neil v. Union Casualty Insurance Company, 1926, 287 Pa. 6, 134 A. 435, and cases cited; United States Truck Company v. Pennsylvania Surety Corp., 1932, 259 Mich. 422, 243 N.W. 311, 312.

■ Appellant relies upon our local statutes, Sections 716 and 718, Title 29, District of Columbia Code (1940), as authority to sue a dissolved foreign corporation. He cites Lyman v. Knickerbocker Theatre Co., 1925, 55 App.D.C. 323, 5 F.2d 538 and Bloedorn v. Washing Times Co., 1937, 67 App.D.C. 91, 89 F.2d 835, to support his position. We think they should not be so interpreted. In each case the suit was against a dissolved corporation of a state whose laws preserved right of litigation. Our statutes do so with respect to local corporations. At the time of those decisions, as now, the law was well settled that the right of suit by or against a corporation depended upon the laws of the incorporating state. Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing that the capacity of a corporation to sue or be sued shall be determined by the law under which it was organized, is merely expressive of the general law.

■ It is also clear that our statutes, preserving litigation rights after dissolution, have reference only to local corporations. We think that allusions to those statutes in the Lyman and Bloedorn cases were only by way of drawing an analogy between them and the laws of New York and Delaware, upon which right of suit depended in those cases. The matter is clarified in Glennan v. Lincoln Inv. Corporation, 1940, 71 App.D.C. 365, 110 F.2d 130, which denied the right of a dissolved Maryland corporation to sue in this district. There this court said, "Unlike the statutes of some states, there is in Maryland no period of time during which a corporation dissolved 'for non-payment of taxes' is kept alive for the purpose of collecting its assets and paying its debts, etc. The corporation is dead from the moment of the proclamation" (of the Governor forfeiting the charter) "unless revived by subsequent payment of the taxes, * * *". Decisions of the Supreme Court have put the question to rest. In Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp. 1937, 302 U.S. 120, at page 124, 58 S.Ct. 125, at page 127, 82 L.Ed. 147, decided soon after the Bloedorn case, the Court said: "The decisions of this court are all to the effect that a private corporation in this country can exist only under the express law of the state or sovereignty by which it was created. *Its dissolution puts an end to its existence, the result of which may be likened to the death of a natural person. There must be some statutory authority for the prolongation of its life, even for litigation purposes.* Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634; National Bank v. Colby, 21 Wall, 609, 615, 22 L.Ed. 687; Oregon R. [& Nav.] Co. v. Oregonian R. Co., 130 U.S. 1, 20, 9 S.Ct. 409, 32 L.Ed. 837." [1]

■ We conclude, therefore, that as the Pennsylvania statutes do not preserve right of action against an insurance corporation

---

[1] Italics supplied.

after its dissolution, there was no authority for the suit and attachment by appellant in the Municipal Court. The suit was null and void; also the attachment, which was a mere ancillary step. It follows that the action of the District Court in garnering the attached property within its receivership proceedings was correct. Therefore, the order is

Affirmed.