## YORK BLOUSE CORP. v. KAPLOWITZ BROS., Inc.

### No. 1324.

Municipal Court of Appeals for the District of Columbia.

Argued May 11, 1953.

Decided June 17, 1953.

Leon M. Shinberg, Washington, D. C., with whom Martin S. Becker, Washington, D. C., was on the brief, for appellant.

John M. London, Washington, D. C., with whom Newmyer & Bress, Washington, D. C., were on the brief, for appellee. David G. Bress, Washington, D. C., entered an appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This was an action for the purchase price of certain merchandise alleged to have been sold and delivered by plaintiff to defendant. The defense pleaded was that the goods were shipped to defendant under an agreement that they could be returned and that they were returned. The secretary-treasurer of plaintiff corporation was its sole witness in chief and during the course of his testimony he stated that about the time the order for the goods was taken plans were under consideration for liquidation of plaintiff corporation. Defendant's counsel then elicited from this witness the fact that plaintiff corporation was dissolved prior to the bringing of this suit and that in the dissolution its assets, including the account receivable on which the present action was based, were sold to Fashion Fair, a partnership of which the witness was a partner. Defendant then moved to dismiss on the ground that plaintiff lacked capacity to maintain the action because (1) it had been dissolved approximately six months prior to the institution of the action and (2) having sold the claim in question prior to institution of the action it was not the real party in interest. The court granted the motion to dismiss without prejudice to the right of the real party in interest. Plaintiff has appealed.

Plaintiff argues that it was error to permit any evidence relating to the dissolution of plaintiff or the disposition of its assets. This argument is based on the fact that defendant's pleadings did not raise these issues and rule 9(a) of the trial court requires that one who desires to raise an issue of the legal existence of a party or his capacity to sue shall do so by specific negative averment. This rule should be strictly applied to one who has knowledge of the facts prior to trial, but it would be unreasonable to hold that one without knowledge of a defense has waived it by not pleading it.[1] Where, as here, a party first learns of a defense during the course of a trial, rule 15(b) comes into play. That rule, in part, provides: "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." When plaintiff's counsel announced he was taken by surprise, the trial court offered him a continuance in order to meet the defense raised, but counsel declined the offer. We think the evidence was properly admitted and in view of plaintiff's refusal to accept a continuance, it cannot be said plaintiff was prejudiced by its admission or by defendant's failure to amend at trial to raise the issue.

Plaintiff further argues that the testimony of its officer concerning dissolution and sale of assets ought not to have been received because it was not the best evidence. We think a corporation through its officer can admit a fact of corporate existence or nonexistence and of corporate ownership or lack of ownership. When the secretary-treasurer of plaintiff corporation admitted that it had been dissolved and had sold all its assets, defendant was entitled to accept these admitted facts and it was not incumbent on defendant to go further and call for production of the documents evidencing the dissolution and sale.

1. See Pasos v. Eastern S. S. Co., D.C.D.Del., 9 F.R.D. 279.

468

■ It is not clear whether the trial court dismissed the action because plaintiff corporation had been dissolved prior to instituting the action or because prior to suit it had parted with ownership of the claim sued upon. Whether a corporation after dissolution may maintain a suit for the purpose of collecting its assets depends upon the law of the state under which it was organized.[2] Plaintiff's secretary-treasurer testified he did not know in what state plaintiff was incorporated and there was no other testimony on the subject. In this state of the record defendant urges that no presumption exists that plaintiff had statutory authority to maintain a suit after dissolution and that the complaint was properly dismissed for lack of plaintiff's capacity to maintain it. Without passing on that question we turn to the second ground urged below for dismissal.

■ Plaintiff's secretary-treasurer testified that plaintiff sold all its assets, including the account here in suit, to Fashion Fair, a partnership, in November 1951. Suit was not commenced until May 1952 and it is quite plain that the claim against defendant had been assigned to Fashion Fair long before suit was commenced. In this jurisdiction an assignee of an open account may sue for the same in his own name,[3] and rule 17(a) of the trial court requires that every action shall be brought in the name of the real party in interest. When substantive law gives an assignee the right to sue in his own name and rule of court requires suit by the real party in interest, action on an assigned claim must be brought by the assignee in his own name.[4] Having sold or assigned its claim against defendant, plaintiff no longer had a right to enforce that claim.[5] Fashion Fair had the right by substantive law to enforce the claim and was therefore the real party in interest. Not only was Fashion Fair the real party in interest, it was an indispensable party. When the rights of an assignee will be affected by an action, the assignee is an indispensable party.[6] The absence of an indispensable party should be noted by this court even though the point was not raised in the trial court.[7]

■ At trial plaintiff asked leave to add as additional parties plaintiff the stockholders of plaintiff corporation. This request was properly denied. Since the corporation had sold its claim, its stockholders had no right thereto. If request had been made to add or substitute Fashion Fair as plaintiff, a different question would be presented.[8]

Affirmed.

2. Sedgwick v. Beasley, 84 U.S.App.D.C. 325, 173 F.2d 918.

3. Code 1951, § 28–2503. Compton v. Atwell, D.C.Mun.App., 86 A.2d 623.

4. "If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name." United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 380–1, 70 S. Ct. 207, 215, 94 L.Ed. 171, 12 A.L.R. 2d 444, 458. See also Moore v. Hechinger, 75 U.S.App.D.C. 391, 127 F.2d 746; Dunham v. Robertson, 10 Cir., 198 F.2d 316; Kilbourn v. Western Surety Co., 10 Cir., 187 F.2d 567; 3 Moore's Federal Practice (2d ed.) § 17.09.

5. D. L. Stern Agency v. Mutual Benefit Health & Acc. Ass'n, D.C.S.D.N.Y., 43 F.Supp. 167.

6. Flynn v. Brooks, 70 App.D.C. 243, 105 F. 2d 766; Kincaid v. City of Anchorage, D.C.D.Alaska, 99 F.Supp. 1017. Cf. Pierce v. Gillet & Co., 64 App.D.C. 156, 75 F.2d 675, decided before adoption of Fed.R.Civ.P. 12(h), 28 U.S.C.A., on which Municipal Court Civil Rule 12(h) is based, permitting the defense of failure to join an indispensable party to be made at the trial on the merits.

7. Brown v. Christman, 75 U.S.App.D.C. 203, 210, 126 F.2d 625, 632.

8. See United States v. Koike, 9 Cir., 164 F.2d 155; American Fidelity & Cas. Co. v. All American Bus Lines, 10 Cir., 190 F.2d 234, certiorari denied 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642.