**DR. HESS & CLARK, Inc.**

**v.**

**METALSALTS CORP. et al.**

**Civ. No. 195-53.**

United States District Court,
D. New Jersey.
March 9, 1954.

Thorn Lord, Trenton, N. J., for plaintiff.

George J. Sokalski, Paterson, N. J., for defendant Metalorganics Incorporated.

MEANEY, District Judge.

Dr. Hess & Clark, Inc., plaintiff herein, amended its complaint so as to include as a party defendant Metalorganics Incorporated. Personal service in New Jersey was made upon one McEwen at Metalorganic's principal place of business as registered with the Secretary of State of New Jersey. McEwen was the head of defendant Metalsalts as well as the president of Metalorganics. Defendant Metalsalts now moves that the complaint be dismissed as to Metalorganics, Incorporated on the ground that the present action was instituted more than two years after Metalorganics ceased to exist as a corporation in August of 1949, when a certificate of dissolution of the said corporation was issued by the Secretary of State of Illinois where the corporation had been created. It cites in point Illinois Revised Statutes (1953), ch. 32, § 157.94, which provides as follows:

"Survival of remedy after dissolution. The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by the decree of a court of equity when the court has not liquidated the assets and business of the corporation, or (3) by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. As amended by act approved June 30, 1945. L.1945, p. 544."

There is no question, in view of this statute, that in the State of Illinois no action could be commenced against the corporation after two years from the date of its dissolution. And if that were all that were involved, the matter would be easy of determination. But in the instant case another element enters into the situation which must be considered. As before suggested, Metalorganics applied for and received authorization to do business in the State of New Jersey, subjecting itself to such regulations as that state saw fit to impose as incident to that privilege. By various provisions of the Act regarding Corporations, New Jersey set up certain procedures to be followed in the event of surrender of a certificate of a foreign corporation to do business, and provides that no certificate of surrender and withdrawal from the state shall be issued until the proceedings indicated shall have been followed. (N.J.S.A. 14:15–7, 14:15–8). Another provision of the statute continues a domestic or foreign corporation after dissolution for the purpose of defending actions brought against it. (N.J.S.A. 14:13–14).

No such required action was taken in New Jersey by Metalorganics after its dissolution by act of the Illinois legislature, and the question now arises whether the corporation is defunct for all purposes after the two-year provision of the Illinois Act of Dissolution, or whether the New Jersey statute preserves the right of suit in that jurisdiction against the corporation which has not surrendered its certificate.

At common law concededly a corporation ceased to exist for all purposes on its dissolution. But that doctrine has yielded to the changing ideas about these artificial entities. Their form, existence and powers are rigidly prescribed by statute, as is their dissolution. And there can be no question that their powers and their dissolution are governed by the law of their domicile. But when they leave the place of their abode, they become subject to the laws of the places in which they choose to ask authority to operate, and they may have no rights which may contravene

the laws of the state where they are licensed to function, no matter what the power given them by the legislature of their parent state.

The defendant cites as authority for its stand against the validity of service on Metalorganics the cases of Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 1937, 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147; Sedgwick v. Beasley, 1949, 84 U.S.App.D.C. 325, 173 F.2d 918; Robinson v. Mutual Reserve Life Ins. Co., C.C.S.D.N.Y.1910, 182 F. 850, affirmed 2 Cir., 189 F. 347; Harris-Woodbury Lumber Co. v. Coffin, C.C.W.D.N.C.1910, 179 F. 257, affirmed 4 Cir., 187 F. 1005; Billiard Table Mfg. Corp. v. First-Tyler Bank & Trust Co., D.C.N.D.W.Va.1936, 16 F.Supp. 990, with the net observation that were this court to recognize the service on Metalorganics it would be in direct conflict with the rule of these cases and would be giving life to that which the state has put out of existence for all purposes, a paraphrase of Justice Sutherland's comment in the Chicago Title case above referred to.

 But it seems to the court that nowhere has the Supreme Court limited the statement made in United States, to Use of Colonial Brick Corporation v. Federal Surety Co., 4 Cir., 1934, 72 F.2d 961, 964, where the learned Judge said: "The general rule is that when a foreign corporation has been dissolved, no suit can be filed against it and no personal judgment against it can be obtained *in the absence of a statute or of a public policy to the contrary in the state where the foreign corporation has been licensed to do business.*" (Emphasis supplied.)

New Jersey has, by statute, preserved the right of suit and so clearly evidenced such a policy.

Metalorganics Incorporated duly qualified itself to do business in New Jersey and subjected itself, within constitutional boundaries, to the laws of that jurisdiction and the limitations incurred thereby, in addition to receiving such benefits and privileges as New Jersey law may have conferred. In failing to comply with those laws by fulfilling the stated requirements prerequisite to withdrawal, it still remains subject thereto.

It may be true that under the statutes of the State of Illinois (the incorporating state) Metalorganics would be barred from bringing suit in New Jersey more than two years subsequent to its dissolution, and would therefore be unable to stand in the shoes of an ordinary defendant in this cause in the sense, for instance, that it would be barred from advancing any counterclaims it might have. That is, however, a situation of which the defendant must be presumed to have been aware when it voluntarily subjected itself to New Jersey law.

The court feels it pertinent to refer to the Sedgwick case, above cited, and to point out that the statute of the District of Columbia, there under construction, preserved the right of suit only as against dissolved domestic corporations and not as against foreign corporations such as, in this court's opinion, are specifically within the scope of the above-mentioned New Jersey statutes.

The motion is therefore denied.

Let an order be submitted.