**OVERSEAS TRADING COMPANY, S. A.**
**v.**
**UNITED STATES.**
No. 567-52.

United States Court of Claims.
March 5, 1958.

---

Edward M. English, Washington, D. C. for the plaintiff. Christopher T. Boland and Gallagher, Connor & Boland, Washington, D. C., were on the brief.

Lawrence S. Smith, Washington, D. C. with whom was Acting Asst. Atty. Gen. George S. Leonard, for the defendant.

JONES, Chief Judge.

Plaintiff brings suit to recover on a claim based upon alleged shortages in a sale, consummated in Belgium in 1946, of Government surplus property. Defendant moves for summary judgment, relying on the pleadings and its briefs and exhibits.

The parties are in agreement as to the issues presented in this case. First, the question arises as to whether plaintiff, as assignee of a contract between the United States and another party, has any standing to sue this Government on a claim arising out of that contract. And second, whether plaintiff, having further assigned its rights under that contract to a fourth party, has any standing as assignor to sue this Government on a claim arising out of that contract. A holding for defendant on either of these issues is sufficient ground for a dismissal of plaintiff's suit.

Defendant, acting through the Office of Foreign Liquidation Commissioner, sold a large quantity of Bailey Bridging parts and Summerfield Matting (surplus airplane landing field mats) to a Mr. William H. Preyer, under contract dated November 12, 1946. The total contract purchase price was $522,080.27, later revised to $481,662.02.

On December 6, 1946, all right, title and interest arising out of the contract was assigned by Preyer to plaintiff, Overseas Trading Company, a Belgian corporation. Thus, plaintiff is an assignee of the orginal buyer with whom the Government contracted.

Subsequently, by an agreement dated September 26, 1947, plaintiff assigned its rights under the contract to the Belgian Office of Mutual Aid, an agency of the Belgian Government, commonly known as the OMA, which administered the disposition of surplus war materials for that Government. By reason of this transaction, plaintiff is also an assignor, having made an assignment to OMA.

Involved in this claim are several items of Summerfield Matting. Plaintiff contends that its assignor, Preyer, purchased this matting at $30 per ton, instead of $30 per roll—the unit of measure actually provided for in the contract. Each roll contained about 540 pounds, and plaintiff claims that defendant delivered 8,757 rolls, or about 2,111 long tons. At $30 per ton, the price for this item would have been $63,330, whereas he paid, at that price per roll, $262,710. Plaintiff claims in its suit the difference, $199,380.

Subsequent to the assignment to OMA, officials of OMA and the United States Government met in Belgium where they considered the question of this claim, for which plaintiff now sues, and reached an agreement.

Rather than pass upon the question of whether plaintiff, as assignee of the contract at issue, has any standing to sue, we feel that the case is disposed of when considered in light of the second question presented.

Without reservation, plaintiff assigned any interest it might have under the contract to OMA on September 26, 1947. Consequently, the idea that recovery against the Government is to be had on the contract is not even seriously advanced by plaintiff. But instead of looking to OMA for recovery of its alleged losses under the contract, a procedure clearly contemplated in the assign-

ment,[1] plaintiff comes before this court to assert that it is entitled to relief by way of quasi-contract.

■ In support of its position, plaintiff urges that Belgian law recognizes recovery of payment made in error as being personal to the party who so made the payment, and arising pursuant to quasi-contract.[2] Belgian law is applicable in this instance, argues plaintiff, on the authority of Justice Story's opinion in Black and Chapman v. J. W. Zacharie & Co., 3 How. 483, 44 U.S. 483, 11 L.Ed. 690, in which he held that assignments are to be construed by the law of the state in which the assignment is made. There can be no doubt that the assignment in this case was executed in Belgium, but in answer to plaintiff it should be emphasized that a more complete expression of this doctrine requires that the intention of the parties, where set forth in the contract, be taken into consideration. If the intention of the parties with respect to the law to be applied to the contract is expressly incorporated into the agreement, then that intention is to be given effect. Pritchard v. Norton, 106 U.S. 124, 1 S.Ct. 102, 27 L.Ed. 104. Section 12 of the contract herein involved sets forth the intent of the contracting parties in this matter:

"D. C. Law to Govern: This contract shall be governed by and construed in accordance with the law now prevailing in the District of Columbia, United States of America."

Plaintiff, as assignee of Preyer, who so contracted with the Government, takes subject to the terms of the above provision. However, plaintiff argues that the question of the effect of an assignment is not specifically covered in the provision. This is no doubt true. But we are unwilling to further acknowledge that District of Columbia law is applicable only when *construing* the contract. Due to the multitude of legal questions which can arise during the existence of a contractual agreement, draftsmen frequently resort to general phraseology to encompass many contingencies. Such was the situation here. The phrase "governed by" is extremely broad in scope and not unreasonably includes the nature of the action for recovery, whether that action be on the contract or in the form of quasi-contract.

■ ■ District of Columbia law is clear on the question now before the court. Where a party, by assignment, divests himself of all rights he may have under a contract, he is no longer able to enforce a claim based upon such contract. York Blouse Corp. v. Kaplowitz Bros., D.C.Mun.App., 97 A.2d 465. See also Rule 20(a), Rules of the United States Court of Claims (1953 and 1957 revisions), 28 U.S.C.A., wherein is imposed the requirement that every action shall be prosecuted in the name of the real party in interest.

Defendant's motion is granted and plaintiff's petition is dismissed.

It is so ordered.

MADDEN and LITTLETON, Judges, concur.

LARAMORE and WHITAKER, Judges, took no part in the consideration and decision of this case.

---

1. The assignment expressly provides that OMA is to repay plaintiff the sums it paid to the Office of Foreign Liquidation Commissioner, through Preyer, in execution of the surplus property contract. Payment is to be postponed until settlement is reached with the United States Government.

2. Payment was made for the surplus property to the Office of Foreign Liquidation Commissioner by plaintiff, through Preyer, who was operating on a commission basis.