Virgil Alfred **BABER**, Appellant,

v.

DeSales Harold **BUCKLEY** and Avis Rent-A-Car Systems, Inc., Appellees.

No. 7913.

District of Columbia Court of Appeals.

Argued May 29, 1974.

Decided July 10, 1974.

Paul H. Weinstein, Chevy Chase, Md., with whom Kenneth R. West, Silver

Spring, Md., was on the brief, for appellant.

John C. Williams, Washington, D. C., for appellees.

Before KELLY, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

This appeal, taken by the plaintiff in an automobile collision case, seeks to reinstate a $5,000 verdict which was set aside by an order granting a new trial. The second trial concluded in a verdict for the defense and the appeal is from the now final order granting the new trial. *See* Taylor v. Washington Terminal Co., 133 U.S.App.D. C. 110, 409 F.2d 145 (1969). The issue presented calls into question the propriety of granting a new trial on a ground not raised in the new trial motion, and on the basis of a visual aid (a blackboard) not now capable of being included in the record for review purposes.

The record of the first trial reveals a question of fact respecting who had the right-of-way at a light-controlled right angle intersection. The plaintiff's case revealed he had a favorable green signal; the case of the defendants was to the contrary. A blackboard diagram was used by the defense and is now claimed by them to have been "inartfully drawn by the police officer and [to have] served to confuse the presentation to the jury." The defense made no mention of this visual aid in their motion for a new trial. Instead, defendants contended as to their witnesses: "Their testimony was clear and without any blemish by physical factors or by cross-examination", and that their two main witnesses "were wholly disinterested eye witnesses" whereas the plaintiff was not.

In granting the new trial, the trial judge referred to a "likelihood that the jury misinterpreted the testimony of the three neutral [defense witnesses]", who "strongly supported the defendants' contention" that their driver had the right-of-way. The court also observed "that along with their testimony a blackboard diagram, drawn by the police officer, was used to visually assist the jury." The visual aid was used by other defense witnesses without change. Therefore, the court opined that directional points of reference were "misinterpreted by the two civilian witnesses." The court stated its belief that "what resulted was three varying and seemingly inconsistent accounts of which light was green." The court concluded that the jury "may have also been confused." The new trial was ordered "so that a new trier of fact can be given the opportunity to weigh the evidence again and render a verdict accordingly." The trial judge knew that the blackboard diagram had not been preserved and therefore was not available to plaintiff or this court. Cf. McCoyie v. Hammond, D.C.App., 305 A.2d 263 (1973).

The trial court may order a new trial based upon a motion by either party or through exercising its own initiative. Super.Ct.Civ.R. 59. In ordering a new trial, the trial court must exercise sound discretion and the scope of appellate review is limited to determining whether there has been an abuse of discretion. *See* Taylor v. Washington Terminal Co., *supra*; 11 Wright and Miller, Federal Practice and Procedure: Civil §§ 2803, 2818–19, pp. 31–35, 113–127 (1973); 6A J. Moore, Federal Practice ¶ 59.08[5], pp. 59–153, (2d ed. 1974). In the instant case, the trial court, acting upon defendants' motion for a new trial, granted the motion on considerations not contained in defendants' motion or affidavit. Ordinarily, such a motion is granted where there has been a legal error in the proceeding, the damages are excessive, the trial court was unfair, or the verdict was contrary to the weight of the evidence. *See* 11 Wright and Miller, *supra*, § 2805, pp. 37–38. During the trial proceedings, counsel for both parties and the trial judge agreed that the only issue before the court was the conflict in testimony. That issue was properly submitted

to the jury. It was only after the jury verdict had been rendered that the trial court concluded that defendants' case was confusing.

Referring to the deference to be given a jury verdict, the Supreme Court in Tennant v. Peoria & Pekin Union Ry., 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 (1944), stated:

> Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.[1]

Even though such deference must be given to jury determinations of conflicting factual matters, the trial judge below superimposed his own view as to credibility over that of the jury. Further, it is significant that his action was not precipitated by the traditional conclusion that the verdict was contrary to the weight of evidence but rather a conclusion that defendants' case was confusing and therefore the jury "may" have been confused by it also. Such basis does not support the trial court's order.

■ This appeal is troublesome because defendants were granted a new trial based upon their own confusing visual aid and presentation, neither of which was contained in defendants' motion for a new trial. Superior Court Civil Rule 59 does not delineate the specificity required in a motion for a new trial; therefore, the general rule on such motions applies. *See* 11 Wright and Miller, *supra* at § 2811.

■ Superior Court Civil Rule 7(b)(1) provides that motions are to be in writing and "shall state with particularity the grounds therefor". Case law construing Federal Rule of Civil Procedure 7(b), which is substantially similar to our own rule, defines the particularity provision as requiring "reasonable specification." *See* United States v. 64.88 Acres of Land, 25 F.R.D. 88, 90–91 (D.C.W.D.Pa.1960); 5 Wright and Miller Federal Practice and Procedure: Civil § 1192, pp. 35–40 (1969). Defendants' motion made no mention of the errors ultimately held controlling. The granting of a new trial for reasons not contained in the parties' motion was an action by the court on its own initiative. As such, it became necessary for the court to specify in its order the grounds therefor and to do so within the time proscription of Rule 59(d)—ten days after entry of judgment. *See* Freid v. McGrath, 76 U.S. App.D.C. 388, 133 F.2d 350 (1942); Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469 (3d. Cir. 1962). This was not done. Moreover, "notice and an opportunity to be heard on the matter" shall be given the parties. This also was not done.

Accordingly, the trial court's order granting a new trial is vacated and the case is remanded for reinstatement of the jury verdict.

So ordered.

1. In Lind v. Schenley Indus., Inc., 278 F.2d 79, 90 (3d Cir. 1960), the court, elaborating on this point, stated that when

the trial judge . . . grants a new trial on the ground that the verdict was against the weight of the evidence, the trial judge in negating the jury's verdict has, to some extent at least, substituted his judgment of the facts and the credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of the facts. It then becomes the duty of the appellate tribunal to exercise a closer degree of scrutiny and supervision than is the case where a new trial is granted because of some undesirable or pernicious influence obtruding into the trial. Such a close scrutiny is required in order to protect the litigants' right to jury trial. [Text also *cited with approval* in *Taylor, supra* at 113 n. 13, 409 F.2d at 148 n. 13.]