Patricia Ann **BELL,** Appellant,

v.

**WESTINGHOUSE ELECTRIC CORPORATION,** Appellee.

**WESTINGHOUSE ELECTRIC CORPORATION,** Appellant,

v.

Patricia Ann **BELL,** Appellee.

Nos. 84–133, 84–134.

District of Columbia Court of Appeals.

Argued Sept. 24, 1984.

Decided Oct. 30, 1984.

---

Charles C. Parsons, Washington, D.C., for appellant.

Philip J. Walsh, Washington, D.C., for appellee.

Before PRYOR, Chief Judge, and NEBEKER and TERRY, Associate Judges.

PRYOR, Chief Judge:

These are cross-appeals from a final judgment following an order granting a new trial in a personal injury action. Plaintiff seeks to reinstate a $65,000 jury verdict in her favor. Defendant has cross-appealed.[1] We conclude that the trial court abused its discretion in granting a new trial. Hence, we remand for reinstatement of the jury verdict.

On April 9, 1979, the plaintiff, Mrs. Patricia A. Bell, suffered injuries when her foot suddenly became caught in Escalator Number Five at the Eastern Market Metrorail Station, causing her to fall. Escalator Number Five was manufactured by Westinghouse Electric Corporation ("Westinghouse"), which purportedly maintained the apparatus pursuant to a service contract with Washington Metropolitan Area Transit Authority ("WMATA"). On November 9, 1979, plaintiff commenced a civil action (No. 14410–79) against both WMATA and Westinghouse seeking to hold both defendants jointly and severally liable for the injuries she sustained in the escalator incident. WMATA filed an answer to the complaint and a cross-claim against Westinghouse; Westinghouse also answered but never filed any cross-claim against WMATA. On December 2, 1981, the initial date set for trial, WMATA moved to dismiss the complaint against it for lack of jurisdiction. Westinghouse did not oppose this motion. The court granted WMATA's motion on the ground that the United States District Court for the District of Columbia had exclusive jurisdiction over actions brought against WMATA. On January 25, 1983, trial commenced on plaintiff's personal injury claim against Westinghouse as sole defendant. Westinghouse interposed no objection to the action commencing solely against it.

On January 26, 1983, this court rendered its decision in *Qasim v. Washington Metropolitan Area Transit Authority*, 455 A.2d 904 (D.C.1983), holding that in addition to the specific grant of original jurisdiction found in the Washington Metropolitan Area Transit Authority compact, the Superior Court for the District of Columbia also has jurisdiction over actions brought against WMATA. Westinghouse immediately moved for a mistrial which the court denied without prejudice. The next day, the jury returned a $65,000 verdict for plaintiff against Westinghouse.

After trial, Westinghouse filed a timely motion seeking, in the alternative, a judgment n.o.v., a new trial, or a remittitur. Among other things, Westinghouse argued that a new trial was appropriate because it had been "prejudiced" by the absence of WMATA at trial. The trial court agreed and granted a new trial. The court did this before plaintiff had had an opportunity to oppose the motion. After plaintiff moved for reconsideration of the trial court's ruling, the court entered an order reaffirming its earlier grant of a new trial. Since plaintiff took no steps to have WMATA reinstated as a defendant, and since Westinghouse did not file a third-party complaint against WMATA, the action proceeded to a second trial against Westinghouse alone. At the second trial, Mrs. Bell put on minimal evidence and a directed verdict resulted against her. These cross-appeals followed.

On appeal, Mrs. Bell seeks reversal of the order granting a new trial and reinstatement of the jury verdict. She asserts that Westinghouse was not prejudiced by the dismissal of WMATA before trial be-

---

**1.** Upon scrutiny of the record we find no final adverse order from which Westinghouse has a right of appeal. Therefore, we dismiss its cross-appeal.

cause WMATA was not an indispensable party. Westinghouse claims that it was prejudiced so as to justify a new trial. It also asserts that the trial court should have granted a new trial because the jury had been improperly instructed on the doctrine of res ipsa loquitur.

### I

Super.Ct.Civ.R. 59 broadly sets forth the criteria for granting a new trial:

(a) GROUNDS. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States or of the District of Columbia ....

■ New trials may be granted, for example, where the verdict is against the weight of the evidence, damages are excessive, the trial was unfair, or there was a prejudicial legal error in the proceedings. *Baber v. Buckley*, 322 A.2d 265, 266 (D.C. 1974); 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2805, at 37–38 (1978).

It is generally held that a trial court has the power to order a new trial when such action is needed to "prevent injustice." 11 WRIGHT & MILLER, *supra*, § 2805, at 38. The granting of such a motion is within the discretion of the trial court and the scope of appellate review is limited to determining whether there has been an abuse of discretion.[2] *Baber v. Buckley, supra,* 322 A.2d at 266. Notwithstanding this broad grant of discretion we conclude that

the trial court's grant of a new trial was error.

### A.

■ Westinghouse asserted in its motion for a new trial, and continues to assert on appeal, that it was prejudiced by WMATA's dismissal, as that dismissal relates to plaintiff's use of the doctrine of res ipsa loquitur.[3] Westinghouse and WMATA were alleged to be joint tortfeasors. Westinghouse argues that had WMATA been a party to the first trial the jury could have considered the respective liabilities of both WMATA and Westinghouse under the res ipsa loquitur doctrine. Joint tortfeasors, however, are precluded from using res ipsa loquitur against each other, as a basis for indemnification or contribution. *Washington Sheraton Corp. v. Keeter*, 239 A.2d 620, 622 (D.C.1968). Therefore, if Westinghouse institutes a separate action against WMATA for indemnity or contribution, it will be required to prove a specific act of negligence on the part of WMATA in order to recover.[4] We conclude that this claim of prejudice is without basis. Any benefit Westinghouse would have received from plaintiff's use of res ipsa loquitur against WMATA was a tactical benefit arising from plaintiff's election to sue both joint tortfeasors. Losing this tactical benefit did not amount to denial of a legal right, and, accordingly, does not constitute the kind of prejudice which justifies setting aside a jury verdict and granting a new trial.

Indeed, this approach would preclude a plaintiff in a negligence action, where more than one tortfeasor is allegedly involved, from using the res ipsa loquitur doctrine

---

2. We observe that different considerations apply in our review of the granting of a new trial than where such a motion has been denied. While the scope of our review is still limited, we have a greater duty here, where the trial court has to a certain extent substituted its judgment for that of the jury. *Taylor v. Washington Terminal Co.,* 133 U.S.App.D.C. 110, 113, 409 F.2d 145, 148, *cert. denied,* 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969); 11 WRIGHT & MILLER, *supra,* § 2819, at 120–27.

3. For our discussion of whether plaintiff should have been allowed to use the res ipsa loquitur doctrine, *see* Part II, *infra.*

4. It is particularly inappropriate that Westinghouse raises this argument since it took no steps to cross-claim against WMATA or implead WMATA as a third party defendant.

unless all tortfeasors were joined in the litigation. We have never held that use of the doctrine should be limited in this way. *Cf. Washington Sheraton Corp. v. Keeter, supra,* 239 A.2d at 622, citing *Greet v. Otis Elevator Co.,* 187 A.2d 896, 898 (D.C.1963). The impact of Westinghouse's position would be to alter the long-standing rule that it is a plaintiff's prerogative to choose among tortfeasors in deciding whom to sue. *See, e.g., Ewald v. Lane,* 70 App.D.C. 89, 104 F.2d 222 (1939); *Gale v. Independent Taxi Owners Ass'n,* 65 App.D.C. 396, 84 F.2d 249 (1936).

■ Westinghouse's subtantive right of indemnification or contribution has in no way been affected by Mrs. Bell's jury verdict. *See Hall v. General Motors Corp.,* 207 U.S.App.D.C. 350, 360, 647 F.2d 175, 185 (1980) (pre-trial settlement between plaintiff and one joint tortfeasor does not deprive other tortfeasor of genuine contribution); *Knell v. Feltman,* 85 U.S.App. D.C. 22, 24, 174 F.2d 662, 664 (1949) (joint judgment against tortfeasors not a prerequisite to contribution between them). Westinghouse has not articulated to this court what it believes its rights are against WMATA. Since we do not know whether Westinghouse's theory of recovery sounds in tort or contract we do not have to reach the issue raised in *General Elevator Co. v. District of Columbia,* 481 A.2d 116 (D.C. 1984).

### B.

Secondly, Westinghouse moved for a new trial on a general assertion of prejudice. To date, Westinghouse implies but has never directly asserted that WMATA was an indispensable party, under Super.Ct.Civ.R. 19(a),[5] at the first trial.[6] If WMATA had

been an indispensable party, its improper dismissal from the case before trial would constitute the kind of prejudicial legal error that would justify granting Westinghouse a new trial. It is an established rule, however, that joint tortfeasors are not indispensable parties. *See* Super.Ct.Civ.R. 19(a); *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.,* 207 U.S.App.D.C. 375, 647 F.2d 200 (1981); *Debbis v. Hertz Corp.,* 269 F.Supp. 671 (D.Md.1967); *cf.* 3A MOORE, FEDERAL PRACTICE ¶ 19.07 [1] (3d ed.1979) ("Rule 19 must be read together with Rule 14 which quite clearly *permits* the defendant to implead a person who may be liable to him for all or part of any judgment against him but does not *require* that he do so." (Emphasis added)).

■ A party is prejudiced at trial when a legal ruling adversely affects its legal rights. Since WMATA was not an indispensable party, Westinghouse had no right to have WMATA joined as a defendant. Accordingly, WMATA's dismissal from the case[7] was not an error which prejudiced Westinghouse.

We observe that in its order the trial court stated:

[T]he inconvenience and expense of a new trial is outweighed by the prejudice suffered by the defendant Westinghouse through the initial dismissal of WMATA as a party, and the eventual single defendant trial.

This balancing was inadequate since the trial court neglected to also weigh the plaintiff's very significant interest in not having her jury verdict set aside. Moreover, as previously stated, Westinghouse was not prejudiced by WMATA's dismissal. In sum, we find the court did not exercise

5. Super.Ct.Civ.R. 19(a) is identical to FED.R.CIV.P. 19 except for the deletion of the last sentence in section (a) relating to venue.

6. An objection on grounds of failure to join an indispensable party should be made at trial. However, the fact it was not raised at trial does not preclude our review of the issue. *York Blouse Corp. v. Kaplowitz Bros.,* 97 A.2d 465, 468

(D.C.1953); *Flynn v. Brooks,* 70 App.D.C. 243, 105 F.2d 766 (1939).

7. We do not discuss what effect, if any, this court's ruling in *Qasim v. Washington Metropolitan Area Transit Authority, supra,* had on the trial court's dismissal of WMATA from this case prior to our ruling.

sound discretion in granting the motion for a new trial.

## II

Alternatively,[8] Westinghouse argues that the evidence adduced at trial did not warrant submission of the negligence issue to the jury on the theory of res ipsa loquitur.[9] We disagree.

■ The conditions which must be satisfied for the application of the doctrine of res ipsa loquitur are as follows:

(1) The event must be of the kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

PROSSER, LAW OF TORTS § 39, at 214 (4th ed. 1971), cited with approval in *Sullivan v. Snyder*, 374 A.2d 866, 867–68 (D.C. 1977); *see Washington Sheraton Corp. v. Keeter, supra*, 239 A.2d at 622. We conclude that these conditions were satisfied and therefore the trial court correctly instructed the jury on the applicable law.

■ In the instant case the escalator was manufactured and installed by Westinghouse, which purportedly maintained it pursuant to a contract with WMATA. The fact that WMATA and Westinghouse exercised joint control over the escalator does not preclude the application of res ipsa loquitur. *Id.*

Mrs. Bell testified that she got on the escalator and rode three quarters of the way down when she suddenly felt something "tugging" at her shoe. When she tried to pull the heel of her shoe free, the heel broke off causing her to fall the rest of the way down the escalator. Plaintiff offered into evidence at trial the heel of her sandal which showed damage from its being grasped by the escalator treads. These facts support an instruction on res ipsa loquitur. In *Levy v. D.C. Transit System, Inc.*, 174 A.2d 731, 733 (D.C.1961), we stated, the doctrine of res ipsa loquitur applies where "direct evidence of negligence is lacking, or where there is 'little evidence,' or where the cause of the injury is left in doubt by the evidence or not clearly shown." (Footnotes omitted.) *See Washington Sheraton Corp. v. Keeter, supra*, 239 A.2d at 620 (affirming trial court's instruction on res ipsa loquitur where escalator suddenly lurched forward, throwing plaintiff down several stairs and causing various personal injuries); *see also Quin v. George Washington University*, 407 A.2d 580 (D.C.1979); *Simmons v. City Stores Co.*, 412 F.2d 897 (5th Cir.1969); *Sanone v. J.C. Penney Co.*, 17 Utah 2d 46, 404 P.2d 248 (1965); *J.C. Penney Co. v. Livingston*, 271 S.W.2d 906 (Ky.1954). We conclude the trial court properly instructed the jury on the doctrine of res ipsa loquitur.

Finding no basis for Westinghouse's assertions of prejudice, we conclude that the trial court abused its discretion in granting a new trial. Accordingly, we reverse and remand for reinstatement of the jury's verdict.

*So ordered.*

**8.** Westinghouse raises a variety of claims to support its request for a new trial. We find none of these claims sufficient grounds to warrant the relief that Westinghouse seeks. In particular, Westinghouse claims that the trial court erred in instructing the jury on a negligence theory of failure to warn. We conclude that the evidence adduced at trial was sufficient to allow submission of a failure to warn theory to the jury. *See Hecht Co. v. Jacobsen*, 86 U.S.App.D.C. 81, 82–83, 180 F.2d 13, 14–15 (1950).

**9.** We note the inconsistency between this argument and Westinghouse's previous assertion that it was prejudiced because it could not utilize the res ipsa loquitur doctrine against WMATA.