971 F.2d 766
 297 U.S.App.D.C. 303
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Robert A. MISTISHEN
v.
OTIS ELEVATOR COMPANY, Appellant,
International Bank for Reconstruction and Development, a/k/a
World Bank.
 No. 91-1075.
 United States Court of Appeals, District of Columbia Circuit.
 July 22, 1992.
 
 Before MIKVA, Chief Judge, and HARRY T. EDWARDS and RUTH BADER GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's judgment entered April 5, 1991 be affirmed. The court correctly determined that the doctrine of res ipsa loquitur applied in this action. Appellee established that the instrumentality that caused his accident, whether defined as the elevator or its selector tape, was within appellant's control. See Bell v. Westinghouse Elec. Corp., 483 A.2d 324, 329 (D.C.1984). Further, appellee presented sufficient evidence from which a reasonable jury could infer that the accident was most probably caused by negligence, here, appellant's failure to detect and prevent selector tape breakage due to metal fatigue. Compare Barwick v. United States, 923 F.2d 885, 888 (D.C.Cir.) (res ipsa properly applied where reasonable jury could conclude that elevator accident caused by "undiscovered deterioration" in electrical contacts), reh'g en banc denied, No. 89-5478 (Mar. 21, 1991) with Bell v. May Dep't Stores Co., 866 F.2d 452, 454-58 (D.C.Cir.1989) (res ipsa inapplicable where plaintiffs offered no evidence to exclude likely, non-negligent cause of elevator accident, nor evidence of inadequacy of daily maintenance and inspection routine). Accordingly, the district court properly denied appellant's motions for directed verdict, and properly instructed the jury on the doctrine of res ipsa loquitur.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.