# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 20-7104**

**September Term, 2021**

FILED ON: September 21, 2021

POTOMAC ELECTRIC POWER COMPANY,
      APPELLANT

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,
      APPELLEE

_____

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-02709)

_____

Before: SRINIVASAN, *Chief Judge*, MILLETT, *Circuit Judge*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

Potomac Electric Power Company (Pepco) alleged Washington Metropolitan Area Transit Authority's (WMATA) negligence resulted in a switchgear at WMATA's worksite exploding, damaging Pepco's property. In its amended complaint, Pepco relied upon the doctrine of *res ipsa loquitur* to state its negligence claim. The district court granted WMATA's motion to dismiss because Pepco's complaint did not plausibly allege the third element of a negligence claim under the doctrine of *res ipsa loquitur*, to wit:

"(1) The event must be of the kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of plaintiff."

*Bell v. May Dep't Stores Co.*, 866 F.2d 452, 455 (D.C. Cir. 1989) (quoting *Rassoulpour v. Washington Metro. Area Transit Auth.*, 826 F.2d 98, 100 (D.C. Cir. 1987)).

Pepco provided the electricity running through the switchgear that exploded, but it pleaded no facts allowing the inference that its electrical system did not cause the explosion. Pepco's sole sentence on the subject in its amended complaint was conclusory: "While Pepco provided electricity as it does to all of its customers, it took no voluntary action that contributed to the explosion of Defendant's switchgear." Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegation that the flow of Pepco's electricity was equivalent to the flow provided to "all of its customers" does not plausibly allow the inference that the flow of electricity contained no surges or other defects that could have contributed to the explosion. Although Pepco need not prove at this stage that its negligence did not contribute to the explosion, it must plead facts allowing a plausible inference that it did not contribute to the explosion; this it did not do. Therefore, the district court properly dismissed Pepco's complaint.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk