**Donaldo C. SMITH, Appellant,**

v.

**Dr. Joseph REITMAN, Appellee.**

**No. 20759.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 7, 1967.

Decided Dec. 18, 1967.

Petition for Rehearing En Banc Denied
Feb. 1, 1968.

J. Skelly Wright, Circuit Judge, dissented.

Mr. John A. Shorter, Jr., Washington, D. C., for appellant.

Mr. Richard W. Galiher, Washington, D. C., with whom Messrs. William E. Stewart, Jr., and William H. Clarke, Washington, D. C., were on the brief, for appellee.

Before BURGER, WRIGHT and McGOW-AN, Circuit Judges.

BURGER, Circuit Judge:

In this malpractice suit, the District Court directed a verdict for Appellee dentist at the end of Appellant's case. This appeal raises the question of the sufficiency of Appellant's evidence.

Appellant testified about an operation on his mouth by Appellee to remove root tips left after another dentist had ex-

tracted a tooth. He testified that Appellee was rough, used a hammer and chisel, and twice walked out of the operating room apparently in reaction to Appellant's complaints of pain. Appellant also testified that the numbness in his jaw was much greater and more severe after this operation than it had been after the incomplete extraction, although it began with the initial removal of his tooth. Appellant's only other evidence was the testimony of his expert who confirmed that Appellant was suffering from a lack of feeling in one side of his mouth and concluded "in view of the patient's response and the patient's injury that a mistake was made." The expert also testified that "a mistake can be made in using the proper methods," that he could not state whether the dentist performing the operation was guilty of negligence and that he could not give an opinion as to the correctness of the Appellee's methods because he did not know what methods were used.

■ In order to make out a case of malpractice, which is a species of negligence, the plaintiff must show that his injury was a result of the failure to use " 'that degree of care and skill ordinarily exercised by the profession in his own or similar localities.' " Rodgers v. Lawson, 83 U.S.App.D.C. 281, 282, 170 F.2d 157, 158 (1948). He can do this by direct evidence about the standard in his locality and the procedure used in his case, in order to demonstrate that it fell short of that standard. Brown v. Keaveny, 117 U.S.App.D.C. 117, 326 F.2d 660 (1963); Quick v. Thurston, 110 U.S. App.D.C. 169, 290 F.2d 360, 88 A.L.R. 2d 299 (1961). However, Appellant's expert testified that he could not tell whether proper methods were employed and Appellant offered no testimony as to the standards in this locality. The testimony that a "mistake" must have been made must be read in the context of the expert's further testimony that he could not say what kind of a mistake and that "a mistake can be made in using the proper methods." On this state of

the record there is no evidence of specific negligence or that the Appellee failed to exercise the necessary care and skill. See Brown v. Keaveny, *supra*.

■ A plaintiff can also make out a case of negligence without direct testimony of a failure to meet the requisite standards of care and skill if the evidence makes out a case under the doctrine of *res ipsa loquitur*. This doctrine "is a common sense rule which allows an inference of negligence where the occurrence complained of ordinarily would *not* happen in the absence of negligence." Quick v. Thurston, 110 U.S.App.D.C. 169, 172, 290 F.2d 360, 363 (1961); Prosser, Torts § 42 (1955). For this doctrine to be invoked, however, there must be some basis "in the record or in common experience" to warrant the inference that the result would not have occurred without some negligent act. *Ibid.* Common experience does not teach that removal of root tips will ordinarily produce numbness in the jaw only as a result of a negligent act. This is a medical question on which the generality of experience is no help.

■ The record here does not create the basis for invoking *res ipsa loquitur*. Appellant's expert merely said that a "mistake" must have been made because of the "bad" result. No elaboration was offered of any particular mistake; in fact, the expert stated that he could not say what type of mistake was made. This conclusory testimony is insufficient to demonstrate that the injury could not have occurred in the absence of negligence.

Appellant points to the trial judge's comments to the jury that *res ipsa loquitur* is not available in a malpractice case as error. Read out of context, of course, that statement is incorrect. However, it was made in the judge's explanation to the jury of why he was directing a verdict, part of which we set out here:

In other words, ladies and gentlemen, the mere fact that an unsuccess-

ful result follows medical treatment is not of itself evidence of negligence, and the doctrine of res ipsa loquitur does not apply. A bad result or a failure to cure is not in itself alone sufficient to raise an inference or a presumption of negligence on the part of the dentist, because the doctrine of res ipsa loquitur does not apply in malpractice suits against dentists, but negligence must be affirmatively proven. This the plaintiff has failed to do, and the motion of the defendant for an instructed verdict in his favor is granted, and you are instructed to return a verdict in favor of the defendant.

We take the trial judge's remarks to the jury to mean that there was no basis to invoke *res ipsa loquitur* in this case rather than that the doctrine can never be available in malpractice cases. The District Judge correctly explained that there was a failure of proof.

Affirmed.

J. SKELLY WRIGHT, Circuit Judge (dissenting):

The majority opinion fairly sets forth the facts of this case, including appellant's expert's conclusion "in view of the patient's response and the patient's injury that a mistake was made." Taken together, this evidence indicates to me that where root tips are properly removed the patient is not ordinarily left with permanent numbness in his jaw. "[W]here the circumstances of the occurrence that has caused the injury are of a character to give ground for a reasonable inference that if due care had been employed, by the party charged with care in the premises, the thing that happened amiss would not have happened \* \* \* it is said, *res ipsa loquitur*— the thing speaks for itself; that is to say, if there is nothing to explain or rebut the inference that arises from the way in which the thing happened, it may fairly be found to have been occasioned by negligence." Sweeney v. Erving, 228 U.S. 233, 238–239, 33 S.Ct. 416, 418, 57 L.Ed. 815 (1913). Thus un-

der the doctrine of *res ipsa loquitur* a question for the jury is presented here. *See* W. PROSSER, TORTS §§ 42, 43 (2d ed.1955). At least the defendant should have been put to proof.

I respectfully dissent.