**WASHINGTON SHERATON CORPORA- TION, Appellant,**

**v.**

**Josie B. KEETER and the Peelle Company, Appellees.**

**No. 4392.**

District of Columbia Court of Appeals.

Argued Jan. 15, 1968.

Decided March 15, 1968.

Francis X. Quinn, Washington, D. C., for appellant.

Milton Heller, Washington, D. C., for appellee Josie B. Keeter.

Daniel M. Head, Washington, D. C., for appellee The Peelle Co.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON, Chief Judge, Retired.

MYERS, Associate Judge:

Josie B. Keeter, one of the appellees in this case, sued appellant, Washington Sheraton Corporation, for damages for personal injuries suffered in a fall on an escalator in appellant's hotel. The corporation denied any negligence on its part and filed a third party complaint against The Peelle Company, co-appellee, which had installed the escalator and which had an oral service agreement with the hotel at the time of the accident.[1] A jury trial resulted in a verdict against appellant. The trial judge thereafter dismissed the third party complaint. This appeal ensued.

Appellant charges error (1) in allowing the jury to use the doctrine of *res ipsa loquitur* to determine whether appellant was negligent, (2) in not granting a directed verdict in its favor, and (3) in dismissing appellant's third party complaint against Peelle seeking indemnification or contribution.

At trial Keeter testified that she was walking down the steps of the escalator at a time when it was turned off. As she neared the bottom, the escalator suddenly lurched forward, throwing her down several steps and causing various personal injuries. Her testimony was corroborated by that of a woman companion who was on the escalator at the time of the accident and who also felt the lurch. Keeter produced evidence to establish that appellant was charged with maintenance and control of the escalator and had free access to both the machinery and the operating controls at all times.

Appellant denied any negligence of its own, charged Keeter with contributory negligence, and cross-claimed against Peelle, alleging that Peelle, and not appellant, was charged with maintenance and control of the escalator. Both appellant and Peelle produced witnesses who testified that while the escalator was turned off it could not have moved as Keeter described.

The trial judge submitted the factual issues of negligence and contribu-

---

1. Keeter did not amend her complaint to make Peelle a co-defendant, although she was authorized to do so at pre-trial.

tory negligence to the jury and allowed it to use the doctrine of *res ipsa loquitur* in determining whether appellant was negligent. The doctrine of *res ipsa loquitur* should be applied with caution in a negligence action so that the mere happening of an accident will not permit the inference of a defendant's liability. But in proper circumstances and with proper instructions *res ipsa loquitur* may be useful in helping plaintiff to establish a prima facie case which defendant must thereafter contest. Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815 (1913). The party who seeks to rely on *res ipsa loquitur* must establish that "the cause of an accident is (1) known, (2) in the defendant's control, and (3) unlikely to do harm unless the person in control is negligent." Washington Loan & Trust Co. v. Hickey, 78 U.S. App.D.C. 59, 61, 137 F.2d 677, 679 (1943); Uberti v. District of Columbia, D.C.App., 215 A.2d 766 (1966). When all three of these elements are established to the jury's satisfaction, the jury may, but is not required to, infer negligence from the happening of the accident.

In the present case the trial judge instructed the jury that if it found the accident was caused by an instrumentality in the exclusive control of appellant, or in the joint control of appellant and Peelle, and the accident was of "such character as in the light of ordinary experience is unlikely to occur, except as a result of negligence," it could treat these findings as evidence of negligence although it was not required to do so.

"It is not necessary for the applicability of the res ipsa loquitur doctrine that there be but a single person in control of that which caused the damage." * * * The doctrine may apply against two defendants if there is joint control * * *. Greet v. Otis Elevator Co., D.C.App., 187 A.2d 896, 898 (1963).

The failure to join Peelle as a defendant did not relieve appellant of li-ability if the jury found both Peelle and appellant to have been negligent. Miller v. Union Pacific R. R. Co., 290 U.S. 227, 236, 54 S.Ct. 172, 78 L.Ed. 285 (1933); Danzansky v. Zimbolist, 70 App.D.C. 234, 236, 105 F.2d 457, 459 (1939). The jury was therefore correctly instructed on the applicable law, and we find no error in allowing the use of *res ipsa loquitur*. Under the circumstances of this case, the trial judge also correctly denied appellant's request for a directed verdict in its favor.

The third party complaint alleged Peelle's negligence in the installation and maintenance of the escalator as a basis for its claim for indemnification or contribution in the event damages were assessed against appellant. At trial, however, appellant produced no direct evidence of specific acts of negligence, relying solely on *res ipsa loquitur*. While the control requirement has been weakened to the point where *res ipsa loquitur* may be invoked in a case where the instrumentality causing injury is controlled either by two defendants jointly or by a single defendant and a third party, the requirement has not been entirely eliminated. A party who is himself in control of the instrumentality may not rely on *res ipsa loquitur* against a party who shares that control. One of the basic reasons for allowing an injured party to use the doctrine is that the defendant in control has greater access to the instrumentality causing the accident and is therefore in a better position to enlighten the trier of fact on the state of events surrounding the accident. Powers v. Coates, D.C.App., 203 A.2d 425, 426 (1964). Where appellant, as third party complainant, had equal access to the instrumentality, however, this reason is no longer applicable, for the doctrine is not available between concurrent tort-feasors, certainly not as a basis for indemnification or contribution.

In the instant case, in order for the jury to have found appellant negli-

gent, it had to find that appellant at least shared control of the escalator with Peelle. Once it was established that appellant had control, separately or jointly, appellant could not depend on *res ipsa loquitur*. Since appellant produced no competent evidence of Peelle's specific negligence in proximately causing the accident, the trial judge properly dismissed the third party complaint.

In considering the other alleged errors in the instructions to the jury, we have examined the charge as a whole and find no prejudicial error.

Affirmed.