George F. WARNER, Appellant,

v.

William B. PINSON and Bert M. Tracy, Appellees.

No. 4821.

District of Columbia Court of Appeals.

Argued Nov. 17, 1969.

Decided Jan. 15, 1970.

Cornelius H. Doherty, Jr. Washington, D. C., for appellant.

Albert D. Brault, with whom Charles C. Bowie, Washington, D. C., was on the brief, for appellees.

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge.

One Dorothy Hardy was seriously burned when the bathtub hot water handle and stem assembly in her apartment ejected, spewing scalding hot water over her while taking a bath. She sued appellees (her landlord) and appellant (the plumber who installed the system) and recovered judgment on a jury verdict against the landlord. The landlord, in turn, was granted judgment by the trial court on a cross-claim for indemnity against the plumber.[1]

Appellant contends that (a) there was no evidence upon which to conclude that the installation of the plumbing was done negligently, and (b) the doctrine of res ipsa loquitur should not have been applied because it is not available as a basis for indemnification between concurrent tort-feasors, citing Washington-Sheraton Corp. v. Keeter, D.C.App., 239 A.2d 620 (1968). Consequently, says appellant, there was no evidence to support the judgment.

That case is distinguishable. It involved a fall on the hotel's escalator, installed by another company which maintained it, thus sharing control with the hotel. The hotel was sued and in turn filed a third-party complaint against the installing company. When the plaintiff recovered and the third-party complaint was dismissed, the hotel appealed the dismissal, contending it was error to deny it the use of res ipsa loquitur to prove its case against the other company. This court stated that the basic reason for allowing a party to utilize the res ipsa doctrine is that a defendant in control has greater access to the injuring instrumentality and is in a better position "to enlighten the trier of fact on the state of

1. The parties agreed that the cross-claim would be decided by the court alone.

events surrounding the accident." 239 A. 2d at 622. We went on to state, however, that the doctrine was not available in that case as a basis for indemnification between the concurrent tort-feasors, since they had joint access to the injuring instrumentality, and were in an equal position to know the cause of the accident. No specific act of negligence by the installing company having been shown, we affirmed the dismissal of the third-party complaint.

In this case, however, the apartment owner could hardly be said to have shared control of the hidden stem assembly of the faucet with the plumber. Consequently, the res ipsa loquitur doctrine was available, and its application afforded adequate support for the judgment.

Affirmed.