**GENERAL ELEVATOR COMPANY, INC., Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 81–655.

District of Columbia Court of Appeals.

Argued Oct. 28, 1982.

Decided March 15, 1984.

Gary W. Brown, Washington, D.C., for appellant.

Steven H. Leventhal, Asst. Corporation Counsel, Washington, D.C., with whom Judith W. Rogers, Corporation Counsel, Washington, D.C., at the time the brief was filed, Charles L. Reischel, Deputy Corporation Counsel, and Jamal Rashad, Asst. Corporation Counsel, Washington, D.C., were on brief, for appellee.

Before MACK, FERREN, and TERRY, Associate Judges.

TERRY, Associate Judge.

Malinda Cephas sued the District of Columbia for damages resulting from injuries suffered in a fall in an elevator in her apartment building.[1] The District filed a third-party complaint against General Elevator Company, asking for indemnification under its full service and maintenance contract in the event the District was found liable. The jury returned a verdict against the District for $1,500, on which the court entered judgment. The trial court, having

1. The apartment building is owned and operated by the District of Columbia through its agency, the National Capital Housing Authority.

heard the District's third-party claim without a jury, then entered a judgment against General Elevator for the same amount. General Elevator appeals; we affirm.

## I

The evidence showed that Malinda Cephas and her sister, Mamie Johnson, left Mrs. Cephas' apartment one afternoon to go shopping. Mrs. Cephas pressed the elevator button; the elevator came, and the door opened. As the two women stepped aboard, Mrs. Cephas fell against the side wall of the elevator and then to the floor. When she looked around, she noticed that the floor of the elevator was about five inches below the level of the hallway. As a result of her fall, she suffered injuries to her back and to both knees. She sued the District of Columbia, claiming that it had been negligent in maintaining and servicing the elevator.

About a year before Mrs. Cephas' fall, the District had entered into a contract with appellant for the maintenance and service of elevators in buildings operated by the National Capital Housing Authority. An indemnity clause in the contract provided that appellant would indemnify the District for "any and all claims ... on account of any injuries to persons ... that occur as a result of any act or omission of [appellant] ... in the prosecution of the work under this Contract." The following section stated that appellant would not be liable "for personal injury ... if it is proved that it was beyond [appellant's] control and not due to [its] negligence." The trial court ruled that appellant was bound under the contract to indemnify the District for the liability it incurred as a result of Mrs. Cephas' fall in the malfunctioning elevator.

Appellant argues that the trial court erred in denying its motion for a directed verdict because (1) our decision in *Washington Sheraton Corp. v. Keeter*, 239 A.2d 620 (D.C.1968), required it, (2) the phrase "any act or omission" in the indemnity provision of the contract required proof of specific negligence, not merely circumstantial evidence of negligence, and (3) even if circumstantial evidence was sufficient to trigger the indemnity provision, appellee's concurrent negligence precluded any recovery. We reject all three arguments.

## II

■ "Indemnity may arise either in contract or in tort...." *General Electric Co. v. Cuban American Nickel Co.*, 396 F.2d 89, 90 (5th Cir.1968); *accord, M.O.N.T. Boat Rental Services, Inc. v. Union Oil Co.*, 613 F.2d 576, 581 (5th Cir.1980). *See generally* W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 51, at 310–311 (4th ed. 1971). Accordingly, the requisite proof to support a claim for indemnity will vary according to the nature of the claim. *Parfait v. Jahncke Service, Inc.*, 484 F.2d 296, 303 (5th Cir.1973), *cert. denied,* 415 U.S. 957, 94 S.Ct. 1485, 39 L.Ed.2d 572 (1974). When the claim is based on a written contract, liability will depend on the intent of the parties as expressed in the language of the contract.

In *Washington Sheraton Corp. v. Keeter, supra,* the plaintiff sued a hotel for damages resulting from personal injuries suffered in a fall on one of the hotel's escalators. The hotel denied liability and filed a third-party complaint alleging negligence on the part of the Peelle Company, which had installed the escalator and with which it had a service contract. This court held that because the hotel and the Peelle Company had equal access to the instrumentality which caused the injury, the hotel could not rely on circumstantial evidence of negligence, *i.e., res ipsa loquitur,* "as a basis for indemnification or contribution." 239 A.2d at 622.

■ The indemnity claim against the third-party defendant in *Keeter* was predicated on its alleged negligence in the installation and maintenance of the escalator; in other words, the claim sounded in tort. In the instant case, however, the District of Columbia's third-party claim sounded in

contract. Specifically, the District sought damages under the indemnity provision of the maintenance contract.[2] We hold, as did the trial court, that the contractual basis of the District's indemnification claim distinguishes this case from *Keeter,* and that *Keeter* therefore does not bar recovery by the District. *See Missouri Pacific R.R. v. International Paper Co.,* 618 F.2d 492, 496 (8th Cir.1980); *Seaboldt v. Pennsylvania R.R.,* 290 F.2d 296, 298 (3d Cir.1961).

Both the trial court and the parties have approached this case as if the issue were whether the District could validly rely on the doctrine of *res ipsa loquitur* to establish negligence on the part of General Elevator. That doctrine gives a plaintiff "the benefit of an inference of negligence, absent rebuttal, so as to avoid dismissal or a directed verdict in the defendant's favor." *United States Fidelity & Guaranty Co. v. Doctors' Hospital,* 265 A.2d 774 (D.C. 1970).[3] We held in *Washington Sheraton Corp. v. Keeter, supra,* that *res ipsa loquitur* was not available as a basis for indemnification between concurrent tortfeasors because they both had equal access to the instrumentality causing the injury. 239 A.2d at 622; *accord, United States Fidelity & Guaranty Co. v. Doctors' Hospital, supra,* 265 A.2d at 776.[4] The trial court in this case held (correctly) that *Keeter* was not controlling, and that the District was therefore not barred from relying on *res ipsa loquitur* to establish appellant's negligence, and hence appellant's liability under the indemnity contract. Strictly speaking, this is not a *res ipsa* case because the party seeking to invoke the doctrine, the District of Columbia, is not the injured party. *Res ipsa loquitur,* however, is only a shorthand

way of saying that in appropriate cases negligence may be established by circumstantial evidence without direct proof. We therefore construe the trial court's ruling simply as stating the conclusion that there was nothing in the contract to prevent the District from relying on circumstantial evidence to prove appellant's negligence.

The practical effect of the trial court's ruling was to put General Elevator in the shoes of the District of Columbia with respect to Mrs. Cephas' tort action. Counsel for appellant properly conceded at oral argument that if Mrs. Cephas had sued General Elevator directly, she could have relied on *res ipsa loquitur* to get her case to the jury.[5] The inapplicability of *Keeter* makes entirely irrelevant any question of equal access, as between the District and General Elevator, to the instrumentality which caused the injury. From Mrs. Cephas' standpoint, the elevator was within the joint exclusive control of the District and General Elevator, and the indemnity provision of the contract had the legal effect of shifting all liability for her injury from the former to the latter. Under the contract, if the District was liable to Mrs. Cephas, then General Elevator, unless it could show that it was not negligent, was liable to the District.

### III

Appellant argues that even if it were permissible generally to prove negligence by circumstantial evidence in an action based on an indemnity contract, it would not be possible to do so in this case because of the specific wording of the indemnity clause at issue. Pointing to the

---

**2.** There was apparently no indemnity provision in the service contract between the hotel and the escalator company in *Keeter.*

**3.** *Res ipsa loquitur* permits the trier of fact to infer negligence when three conditions are met: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action on the part of the plain-

tiff." W. PROSSER, *supra* § 39, at 214, cited with approval in *Sullivan v. Snyder,* 374 A.2d 866, 867–868 (D.C.1977).

**4.** *Compare Warner v. Pinson,* 260 A.2d 689 (D.C. 1970) (distinguishing *Keeter*).

**5.** In her action against the District of Columbia, Mrs. Cephas requested a jury instruction on *res ipsa loquitur.* The trial court gave the instruction.

language that makes it liable for "any act or omission," appellant maintains that the District had to offer specific proof of negligence before it could recover, and that it could not rely on circumstantial evidence in this particular case. We find nothing either in the contract or in the circumstances surrounding its execution which supports appellant's interpretation of the contractual language.

When appellant made this same argument in the trial court, the court properly rejected it, reasoning that if the parties had intended to limit the manner by which "any act or omission" could be proved, they could have written such a limitation into the contract. We agree with the trial court. We have found no case holding that contractual language such as this requires a breach of the contract to be proved in any particular way,[6] and we are not willing to go so far. Thus we hold, having reviewed the testimony, that the circumstantial evidence of negligence here was sufficient to permit an inference that appellant was liable under the contract.

### IV

Finally, appellant argues that even if the evidence of negligence was sufficient to establish a breach of its contractual duty, appellee's concurrent negligence would preclude it from recovering. Appellant's argument misses the mark, for there was no concurrent negligence by appellee.

In the District of Columbia, a plaintiff's contributory negligence is a complete bar to recovery, *Brown v. Clancy*, 43 A.2d 296, 298 (D.C.1945); *accord, Elam v. Ethical Prescription Pharmacy, Inc.*, 422 A.2d 1288, 1289 n. 2 (D.C.1980), since our substantive tort law does not include the doctrine of comparative negligence. *D.C.*

*Transit System, Inc. v. Garman*, 112 U.S. App.D.C. 244, 246, 301 F.2d 568, 570 (1962). We need not decide whether this principle applies in a case such as this, which involves indemnification under a contract, because the judgment against appellee did not establish any concurrent negligence on its part.

The lease between Mrs. Cephas and the District provided that the District was to "maintain in good and safe working order and condition electrical, plumbing ... and other facilities and appliances, including elevators...." The elevator maintenance contract between the District and General Elevator delegated the District's duty to maintain the elevators in good and safe working order to General Elevator. Thus the District was found liable for breach of a duty which it had formally and totally delegated to General Elevator.[7] Since the District had no other independent duty to Mrs. Cephas, as a matter of law it could not have been concurrently negligent. Therefore, by the terms of the delegating instrument, General Elevator was required to indemnify the District for its liability under the judgment awarding damages to Mrs. Cephas.

In *District of Columbia v. Royal*, 465 A.2d 367 (D.C.1983), we held that an indemnification clause similar to the one in this case was not broad enough to indemnify the District against liability for its own negligence. The six-year-old plaintiff in *Royal* was injured when a pole fell on her at a construction site near her school. She sued both the construction company and the District, alleging *inter alia* that the District had negligently failed to supervise school children in the construction area. The District filed a cross-claim against the construction company based on an indemnity clause in the construction contract. The

---

6. Appellant's reliance on *Doloughty v. Blanchard Construction Co.*, 139 N.J.Super. 110, 352 A.2d 613 (1976), is misplaced. That case, insofar as it is relevant at all, deals only with the question of what has to be proved, *viz.*, a negligent act or omission, and not the method of proof, which is not even discussed.

7. *District of Columbia v. C.F. & B., Inc.*, 442 F.Supp. 251 (D.D.C.1977), is distinguishable from this case because it involved a breach by the District of a non-delegable duty. *See Lindler v. District of Columbia*, 164 U.S.App.D.C. 35, 40, 502 F.2d 495, 500 (1974).

trial court ruled against the District on the cross-claim, and we affirmed, holding that the contractual language could not be stretched to encompass the District's breach of its own independent duty, as the party to whose care the plaintiff had been entrusted during school hours, to protect her from injury—*i.e.*, that it had breached a duty to the plaintiff which had not been delegated to the construction company by the contract containing the indemnity clause. *See United States v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970). The case at bar is different. Here, since the District owed Mrs. Cephas no duty other than the one which it had delegated to General Elevator, namely, to maintain the elevators in good working order, the judgment which it had to pay Mrs. Cephas was clearly within the scope of the indemnity clause.

*Affirmed.*