### OTIS ELEVATOR COMPANY, Appellant,

v.

### Joanne M. HENDERSON, Appellee.

### No. 85–1126.

District of Columbia Court of Appeals.

Argued June 24, 1986.
Decided Aug. 12, 1986.*

Alan R. Siciliano, Upper Marlboro, Md., for appellant.

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment. It is being published pursuant to the direction of the court.

John C. Williams, Washington, D.C., for appellee.

Before BELSON, TERRY and ROGERS, Associate Judges.

PER CURIAM:

This is an appeal from a jury verdict finding appellant Otis Elevator Co. (Otis) liable to appellee Joanne M. Henderson for $135,000 for injuries sustained when she attempted to enter an elevator maintained by Otis. Otis contends that the trial court erred in submitting the case to the jury on a *res ipsa loquitur* theory and in granting a credit rather than a fifty percent reduction of the judgment as a result of a pretrial settlement between Henderson and U.S. Food's Corporation (Food's), the owner of the elevator. Finding both of these claims meritless, we affirm.

■ To make out a prima facie case under a *res ipsa loquitur* theory, the plaintiff must present sufficient evidence to establish three elements:

> (1) The event must be of the kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the control (exclusive or joint) of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Bell v. Westinghouse Electric Corp.,* 483 A.2d 324, 329 (D.C.1984), *appeal after remand,* 507 A.2d 548 (1986) (quoting PROSSER, *Law of Torts* § 39 (4th ed. 1971)); *see Washington Sheraton Corp. v. Keeter,* 239 A.2d 620, 622 (D.C.1968); *Greet v. Otis Elevator Co.,* 187 A.2d 896, 898 (D.C.1963). Once the plaintiff has established these elements, the case may be submitted to the jury, which still must determine whether all of the elements necessary for a finding of negligence are present. *See Washington Sheraton Corp. v. Keeter, supra,*

239 A.2d at 622. However, the doctrine of *res ipsa loquitur* allows the "jury to infer there has been a lack of due care from the mere occurrence of an accident." *McCoy v. Quadrangle Development Corp.,* 470 A.2d 1256, 1259 n. 7 (D.C.1983).

Otis does not argue that Henderson failed to establish one of the elements necessary to the application of the *res ipsa loquitur* doctrine. Instead, Otis maintains that it was inappropriate to apply the doctrine because it should be used only when the plaintiff cannot identify the cause of the injury with enough specificity to maintain an action based on specific negligence. According to Otis, because Henderson was able to identify the specific mechanical defects which led to her injury, she proved "too much" to be entitled to a *res ipsa loquitur* instruction. This argument is meritless.

As Henderson described the accident, the right elevator door closed on her and hit her shoulder when she entered the elevator. It did not retract immediately, but only when she hit the safety edge on the left-hand door. It is a reasonable inference from the evidence that there was something wrong with either the elevator's dwell time or the right door's safety edge, or both. But, as plaintiff's witness testified, any one or more of a number of specific mechanical defects could have led to these results. Thus, Henderson was not able to identify the specific mechanical failing so specifically that the doctrine of *res ipsa loquitur* was inapplicable to this case.[1] Absent conclusive evidence of a specific defect, which would render an instruction on *res ipsa loquitur* unnecessary, Henderson was entitled to have the jury instructed on *res ipsa loquitur* and negligence. *Quin v. George Washington University,* 407 A.2d 580, 583 (D.C.1979) (quoting *Levy v. D.C. Transit System, Inc.,* 174 A.2d 731, 732–33 (D.C.1961).[2] This conclu-

---

1. We find no authority, and appellant cites none, which would preclude submission to the jury on the theory of *res ipsa loquitur* where the plaintiff proved facts, beyond the plaintiff's ex-

planation of the accident, which would provide a basis for the jury to infer negligence.

2. In *Loketch v. Capital Transit Co.,* 101 U.S.App. D.C. 287, 288, 248 F.2d 609, 610 (1957), quoted

sion is consistent with past District of Columbia case law in which a *res ipsa loquitur* instruction is given as long as "direct evidence of negligence is lacking, or where there is 'little evidence,' or where the cause of the injury is left in doubt by the evidence or not clearly shown." *Levy v. D.C. Transit System, Inc., supra*, 174 A.2d at 733 (citation and footnotes omitted).[3] Therefore, the trial judge did not err in instructing the jury on the doctrine of *res ipsa loquitur.*

Otis also contends the trial court should have reduced the $135,000 judgment by half rather than crediting $20,000 against the judgment to account for the pretrial settlement between Henderson and Food's, the owner of the elevator. This contention is meritless.

 A judgment is to be reduced by half where the plaintiff sues purported joint tortfeasors and one settles, but remains a party to the action because one of the other joint tortfeasors has submitted a cross-claim for contribution, *and* the settling tortfeasor is found by the jury to have been negligent. *See Martello v. Hawley*, 112 U.S.App.D.C. 129, 300 F.2d 721 (1962); *McKenna v. Austin*, 77 U.S.App.D.C. 228, 134 F.2d 659 (1943); *see also Hall v. General Motors Corp.*, 207 U.S.App.D.C. 350, 359, 647 F.2d 175 (1980) (court would not apply 50% pro rata reduction where no cross-claim adjudicated and alleged joint tortfeasor's liability not determined); *Kassman v. American University*, 178 U.S. App.D.C. 263, 267 n. 24, 546 F.2d 1029, 1033 n. 24 (1976) (pro rata reductions permissible only where one tortfeasor would have been able to compel contribution, but for the plaintiff's settlement with another tortfeasor).

 Henderson originally brought suit against both Otis and Food's. Almost three years before trial, however, Henderson and Food's entered into a "Joint Tort-Feasor Agreement" in which Henderson waived all future monetary claims against Food's in connection with the July 14, 1981, accident in return for a consideration of $20,000 paid by Food's. Food's expressly did not admit any liability for the accident. Otis never cross-claimed against Food's for contribution, and neither jury nor judge ever considered whether or not Food's was liable for Henderson's injuries. Under these circumstances, Otis was entitled only to a credit in the amount of the settlement between Henderson and Food's. *Crooks v. Williams*, 508 A.2d 912, 915 (D.C.1986); *Kassman v. American University, supra*, 178 U.S.App.D.C. at 269, 546 F.2d at 1035; *Snowden v. District of Columbia Transit System*, 147 U.S.App.D.C. 204, 206, 454 F.2d 1047, 1049 (1971). Such a credit is just because Henderson is entitled to be made whole for her injuries, but can obtain only a single recovery. *Leiken v. Wilson*, 445 A.2d 993, 999 (D.C.1982).

Accordingly, because we find no trial error, the judgment below is

*Affirmed.*

---

in *Lindsey v. United States*, 140 A.2d 306, 308 (D.C.1958), the court stated:

&#42; &#42; &#42; Evidence bringing to light the circumstances of the accident does not, as appellee contends, make *res ipsa* inapplicable. *Washington Loan & Trust Co. v. Hickey*, 1943, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679. *The doctrine becomes inapplicable when the cir-* *cumstances have been so completely elucidated that no inference of defendant's liability can reasonably be made.* (Emphasis supplied.)

**3.** Because we hold Henderson made out a prima facie case of *res ipsa loquitur*, we need not address Otis' contention that she failed to make a prima facie case of negligent maintenance.