908 F.2d 967
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee.
 No. 89-2451.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 2, 1990.
Decided: June 27, 1990.
 
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and HARRISON L. WINTER,* Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Under the agreed statement of facts, George Hyman Construction Co. (Hyman) was the general contractor on a construction project known as job 8030 at Washington (D.C.) Harbor with the plaintiff, Hartford Accident and Indemnity Co. (Hartford) as its liability carrier. Truland Electric Co. (Truland) was the electrical subcontractor for that job. As a requirement of its contract, Truland furnished a general liability insurance policy, with the general contractor named as an additional insured. The insured under the policy was Liberty Mutual Insurance Company (Liberty). Steven Chidester, an employee of Truland, sustained injuries on the job caused solely by the negligence of Hyman. Chidester sued Hyman. Hartford entered an appearance on behalf of its insured Hyman. Hartford then filed this suit for a declaratory judgment to establish that Liberty, as the insurer of Truland, was obliged to defend and insure Hyman in regard to the claim asserted against it by the employee of Truland. In effect, Hartford was contending that Liberty as Truland's insurer was obligated to defend Hyman for its (Hyman's) own negligence at Liberty's expense. Liberty denied it was obligated to indemnify Hyman's insurer for expenses incurred in defending the Chidester suit based on injuries sustained wholly by Hyman's own negligence. The matter was heard by the district court on stipulated facts in connection with motions by both Hartford and Liberty for summary judgment. The district court granted Liberty's motion denying Hartford's claim for indemnity. Hartford has appealed that judgment. We affirm.
 
 
 2
 The district court based its decision on the terms of Liberty's policy issued to its assured Truland under the provisions of Truland's subcontract with Hyman. That policy in three separate provisions obligated Truland to indemnify Hyman against liability for any injuries "arising out of the conduct of Truland's business," "arising out of the operations" performed for Hyman by Truland, and with respect to "acts or omissions" of Truland "in connection with" Truland's operations. These provisions state the extent of Truland's obligation to indemnify Hyman. As the district court acknowledged, those obligations to indemnify are restricted by their language to "Truland's conduct, operations and acts"; they do not provide Hyman indemnity for its own negligence. Under District of Columbia law, which is controlling in this case, it is settled that "in order to permit an indemnified to recover for his own negligence, the reviewing court must be 'firmly convinced that such interpretation reflects the intention of the parties.' " District of Columbia v. Royal, 465 A.2d 367, 368 (D.C.Ct. of App.1983), quoting from and relying on United States v. Seckinger, 397 MS 203, 211 (1970). The insurance contract here does not meet this test for finding a right in Hyman for indemnity against Truland under its Liberty contract. The judgment of the district court granting Liberty's motion for summary judgment and denying Hartford's motion for summary judgment is accordingly
 
 
 3
 AFFIRMED.
 
 
 
 *
 Judge Winter participated in the consideration of this case but died prior to the time the decision ws filed. The decision is filed by a quorum of the panel. 28 U.S.C. Sec. 46(d)