Christa CRENSHAW, Appellant,

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Schindler Elevator Corporation, Appellees.

No. 98–CV–60.

District of Columbia Court of Appeals.

Argued April 29, 1999.

Decided May 18, 1999.[*]

Robert Earl Wilson for appellant.

[*] The disposition in this case was originally issued as a Memorandum Opinion and Judgment on May 18, 1999, and is being published upon the order of the court.

Mark F. Sullivan, with whom Robert L. Polk and Robert J. Kniaz, Washington, DC, were on the brief, for appellee Washington Metropolitan Area Transit Authority.

Edward J. Longosz, II, for appellee Schindler Elevator Corporation.

Before SCHWELB and FARRELL, Associate Judges, and WASHINGTON, Associate Judge of the Superior Court of the District of Columbia.**

WASHINGTON, Associate Judge of the Superior Court of the District of Columbia:

This appeal is from a grant of summary judgment to Appellees, Washington Metropolitan Transit Authority (WMATA) and Schindler Elevator Corporation (Schindler) (collectively "Appellees"). The Plaintiff/Appellant, Christa Crenshaw ("Crenshaw"), alleged that she was injured in a fall from an escalator at the D.C. Stadium Armory Metro Station when the escalator on which she was riding jerked violently. The Metrorail Station and the escalator in question are owned and operated by Appellee Washington Metropolitan Area Transit Authority (WMATA). Appellee Schindler Elevator Corporation maintained certain aspects of the escalator pursuant to a maintenance contract with WMATA.

Crenshaw filed suit on November 4, 1996, against WMATA and Schindler in the Superior Court of the District of Columbia. Following the close of discovery both WMATA and Schindler filed motions for summary judgment. On December 19, 1997, the Honorable Peter H. Wolf heard oral argument on the motions and granted summary judgment for both WMATA and Schindler. The case was dismissed in its entirety with prejudice. Crenshaw then noted this appeal.[1]

The trial judge granted the Appellees' Motions for Summary Judgment after finding that Crenshaw failed to present evidence sufficient to raise a material issue of fact as to the negligence of Appellees. The trial court reached its decision after Crenshaw failed to offer expert testimony establishing the standard of care required of the Appellees, any deviation from the standard of care by the Appellees, or the cause of the escalator accident. The trial court determined that without such evidence, Crenshaw could not prove that the series of jerks which allegedly caused her to fall was an event that would not ordinarily occur in the absence of negligence and accordingly found that Crenshaw's evidence, viewed in a light most favorable to her, was legally insufficient to prove the negligence of either Appellee.

Crenshaw contends on appeal that the trial court erred in granting Appellees' motions for summary judgment because the doctrine of res ipsa loquitur applies to the circumstances involved in her accident and establishes a prima facie claim of negligence sufficient to withstand a motion for summary judgment, even in the absence of expert testimony. Specifically Crenshaw claims that when she first stepped onto the escalator, the escalator was operating smoothly. After the escalator descended three or four stair lengths, the escalator made a jerking motion, causing Crenshaw to tighten her grip on the escalator rail. Then, according to Crenshaw, there was a loud noise and the escalator began jerking more violently causing Crenshaw to fall.

In reviewing the trial court's order granting summary judgment, this court makes an independent review of the record, *Scrimgeour v. Magazine*, 429 A.2d 187 (D.C.1981), and makes its own determination of whether granting the motion

** Sitting by designation pursuant to D.C.Code § 11–707(a) (1995).

1. The original complaint contained eight counts, including claims of negligence, negligent supervision, respondeat superior, premises liability, and products liability. At the motions hearing Crenshaw conceded that she could not prove most of the allegations contained in the complaint. Crenshaw only appeals the dismissing of the negligence charges against both defendants.

was warranted. *Lee v. Jones,* 632 A.2d 113 (D.C.1993). This court is not bound by the findings of the trial court. *Franklin Inv. Co. v. Huffman,* 393 A.2d 119 (D.C.1978). Rather, the court must determine whether there was any issue of fact pertinent to the ruling and also whether the substantive law was correctly applied. *Burch v. Amsterdam Corp.,* 366 A.2d 1079 (D.C.1976). The evidence must be viewed in the light most favorable to the party opposing the motion. *Cellular Radio Corp. v. OKI Am., Inc.,* 664 A.2d 357 (D.C. 1995).

Our review of the record compels us to agree with the trial judge's findings that Crenshaw failed to produce sufficient evidence to raise a material issue of fact with respect to the negligence of the Appellees and that Crenshaw failed to produce sufficient evidence to invoke the doctrine of res ipsa loquitur to establish such negligence as a matter of law. In fact, the undisputed evidence in this case was that the escalator was operating smoothly both before and after the alleged incident and that the escalator had been maintained in accordance with its maintenance schedule.

 Res ipsa loquitur is a doctrine that permits the jury to infer a lack of due care from the mere occurrence of an accident. *Otis Elevator Co. v. Henderson,* 514 A.2d 784 (D.C.1986). However, "[it] is a powerful doctrine which should be applied with caution in a negligence action so that the mere happening of an accident will not permit the inference of a defendant's liability." *Id.* Res ipsa loquitur may only be invoked where the plaintiff demonstrates that:

(1) [the occurrence is] of the kind which ordinarily does not occur in the absence of someone's negligence;

(2) it must be caused by an agency or instrumentality within the control (exclusive or joint) of the defendant; and

(3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Id.* In this case, the first prong is the only prong at issue. To establish this element the plaintiff must demonstrate that the occurrence is one where a layperson can infer negligence "as a matter of common knowledge," or where expert testimony is presented that such accidents do not occur in the absence of negligence. *Quin v. George Washington Univ.,* 407 A.2d 580, 583–84 (D.C.1979).

In *Hailey v. Otis Elevator Co.,* 636 A.2d 426 (D.C.1994), a case very similar to this one, this Court addressed the general applicability of the doctrine of res ipsa loquitur to accident cases involving escalators. In dealing with escalator cases, this Court has stated that "the fact of movement with its permissible vagaries is inherent in a mechanism which must be in motion to achieve its purpose.... [W]e fail to see how it can be said to be common knowledge that moving escalators do not normally act in the manner described here, that is, with a 'little funny jerk,' or a 'thrust,' or a 'bump,' much less that such motions are 'ordinarily' the result of negligence." *Hailey* at 429.

 Crenshaw attempts to distinguish her case from *Hailey* by arguing that the vagaries of escalator movement, variously described in *Hailey,* are significantly different from the violent jerk she experienced in this case and that it is "common knowledge" that escalators don't normally jerk violently in the absence of negligence. However, as in *Hailey,* we fail to see how a jury, in the absence of expert testimony or some other evidence of a violation of an established standard of care, can conclude that the jerking motion in this case, as opposed to any other jerking motion, is the result of negligence on the part of Appellees. Without such evidence the jury would still be left to speculate on possibilities rather than weighing the probabilities based on credible evidence.

Because Crenshaw failed to introduce sufficient evidence to raise a material issue of fact with respect to Appellees' negligence and has failed to satisfy the first

prong of the test for invoking the doctrine of res ipsa loquitur, the trial court correctly granted Appellees' motion for summary judgment.

*Affirmed.*